# STATE SUPREME COURT
## Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT OF OHIO
## DECIDED CASES
### SYLLABI

No. 17782—Frank De Witt et al v. the State, ex rel C. C. Crabbe; Atty. Gen., on behalf of Mrs. Hoyt M. Hurley. Error to the Court of Appeals of Fayette county.

**84. WORKMEN'S COMPENSATION.**

Employer of five or more workmen considered, under 1465-61 GC., as an independent contractor—classification and defining of employees, under this is constitutional—The provisions of 1465-74 providing for determination of amount due injured workmen, by Industrial Commission, and penalty for nonpayment of awards, are not repugnant Art. XIV, Sec. 2, Fed. Const., nor Art. I, Sec.16, Bill of Rights, Ohio Const.

1. A person, himself employing five or more workmen regularly, is considered as the employer of the employee of an independent contractor within the meaning of paragraph 3 of Section 1465-61, General Code, where the latter also employs five or more workmen regularly and has failed to pay into the fund, or to pay compensation direct, unless such employee or his legal representative or beneficiary has elected, after injury or death, to regard the independent contractor as the employer.

2. The legislature had ample power, under the provisions of Section 35, Article II, of the Ohio Constitution, to enact paragraph 3 of Section 1465-61, General Code, classifying and defining employees of independent contractor as employees of the principal contractor. Such paragraph is a valid constitutional law.

3. The provision of Section 1465-74 of the General Code, that when an injured employee, whose employer has failed to comply with the Workmen's Compensation Act, or his dependent, has filed application for compensation in place of filing a civil action, and compensation has been awarded by the Industrial Commission, "the amount of the compensation which said board may ascertain and determine to be due to such injured employee, or to his dependents in case death has ensued shall be paid by such employer to the person entitled thereto within ten days after receiving notice of the amount thereof as fixed and determined by the board; and in the event of the failure, neglect or refusal of the employer to pay such compensation to the person entitled thereto, within said period of ten days, the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the board, which with an added penalty of fifty per centum, may be recovered in an action in the name of the state for the benefit of the person or persons entitled to the same," is a valid and constitutional enactment not repugnant to Section 1 of Article XIV of the Federal Constitution, nor to Section 16 of Article I of the Bill of Rights of the Ohio Constitution.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones Matthias, Day and Allen, JJ., concur in propositions 1 and 2 of the syllabus.

Wannamaker and Allen, JJ., being of the opinion that Section 1465-74, General Code, is constitutional, concur in proposition 3 of the syllabus, which proposition is the law of the case under Section 2, Article IV of the Ohio Constitution.

Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., dissent from proposition 3 of the syllabus.

17847—The State of Ohio v. John Karayians. Error to the Court of Appeals of Trumbull county.

### MATTHIAS, J.

1. Upon the trial of one accused of killing another purposely and of deliberate and premeditated malice, no prejudicial error was committed by the trial court

**129. CRIMINAL LAW AND PRACTICE.**

Murder—Trial judge may read to jury 12400 GC. defining first degree, when instructions limits meaning—Where jury is told it may recommend mercy, but no charge made as to effect of, not prejudicial error.

1. Upon the trial of one accused of killing another purposely and of deliberate and premeditated malice, no prejudicial error was committed by the trial court by reading to the jury in the course of the general charge, all of Section 12400, General Code, defining murder in the first degree, where it appears that the consideration of the jury was expressly limited by the instructions of the court to the particular charge made by the indictment.

2. Where, upon such trial, the court instructs the jury that if they find the defendants guilty of murder in the first degree, as charged in the indictment, they may recommend mercy, but does not instruct the jury as to the effect of such recommendation, such omission is not prejudicial error, warranting the reversal of the verdict of guilty and the judgment of the trial court based thereon.

Judgment reversed.

Marshall, C. J., Wanamaker, Robinson, Jones, Day and Allen, JJ., concur.